ALEXIS GALINDO (State Bar No. 136643)
  agalindo@cgsattys.com
Maximiliano A. Galindo (State Bar No. 328187)
  mgalindo@cgsattys.com
CURD GALINDO & SMITH LLP
301 East Ocean Blvd., Suite 1700
Long Beach, CA 90802-4828
Telephone:  (562) 624-1177
Facsimile:   (562) 624-1178

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLE O. <br><br>          Plaintiff, <br><br> vs. <br><br> COUNTY OF RIVERSIDE, a public entity; MICHAEL DEAN, and DOES 1 through 10, Jointly and Severally, <br><br>          Defendants. | CASE NO: <br><br> COMPLAINT FOR <br><br> **1.  Civil Rights Action (42 U.S.C. § 1983)** <br> **2.  Substantive Due Process (42 U.S.C. § 1983)** <br> **3.  Supervisory Liability (42 U.S.C. § 1983)** <br> **4.  Monell Liability (42 U.S.C. § 1983)** <br> **5.  Sexual Assault** |

## I.

## VENUE AND JURISDICTION

1.      This action is brought pursuant to 42 U.S.C. §§ 1983, and Fourth, Fifth and

Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on

29 U.S.C. §§1331 and 1343(1), (2), (3) and (4), and the aforementioned statutory and Constitutional provisions.

2.      Venue is proper in the United States District Court for the Central District of California, County of Riverside.

## II.

## INTRODUCTION

3.      While employed as a sheriff deputy for the County of Riverside, Michael Dean sexually assaulted Plaintiff during the course of an official call for service to Plaintiff's home, and then later, Michael Dean made contact with Plaintiff at her home after the sexual assault.

4.      This civil rights action seeks redress from Defendants Michael Dean and the County of Riverside for violating Plaintiff's rights under the United States Constitution. Accordingly, this case is in the public interest.

## III.

## PARTIES

5.      At all times relevant hereto, Plaintiff NICHOLE O. was a resident of the County of Riverside, California. Plaintiff is a victim of sexual assault and battery, and therefore her last name is not disclosed in this complaint.

6. At all times mentioned herein, defendant COUNTY OF RIVERSIDE was a public entity duly organized and existing under and by virtue of the laws of the state of California.

7. At all times relevant herein, MICHAEL DEAN and DOES 1 through 3, (hereafter "SHERIFF DEPUTY/SHERIFF DEPUTIES DEFENDANTS") were residents of the County of RIVERSIDE, and were Sheriff Deputies, sergeants, commanders, detectives, and/or civilian employees, agents and representatives of the COUNTY OF RIVERSIDE SHERIFF DEPARTMENT employees, agents and representatives of the COUNTY OF RIVERSIDE. At all times relevant hereto, said defendants were acting within the course and scope of their employment as officers, sergeants, captains and chiefs of police, policy makers, and/or civilian employees of the RIVERSIDE SHERIFF'S DEPARTMENT. At all times relevant herein, said defendants were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of defendants COUNTY OF RIVERSIDE, Sheriff's department.

8. Defendant MICHAEL DEAN is directly liable for Plaintiff's injuries under federal law pursuant to 42 U.S.C. § 1983, and Defendant is sued in his individual capacity for damages only.

9.     The County of Riverside has a duty to indemnify MICHAEL DEAN for his conduct pursuant to Cal.  Govt. Code Section 825, et al.

10.    At all times relevant herein, defendant DOES 4 through 5, (hereafter "SUPERVISING OFFICER DEFENDANTS") were residents of the County of RIVERSIDE, and were sheriff deputies, sergeants, detectives, captains, lieutenants, chiefs of police, and/or civilian employees, agents, and representatives of the COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT. At all times relevant hereto, said defendants were acting within the course and scope of their employment as officers, sergeants, captains and chiefs of police, policy makers, and/or civilian employees of the COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT. At all times relevant herein, said defendants were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of defendant COUNTY OF RIVERSIDE, its SHERIFF'S DEPARTMENT.

11.    At all times relevant herein Defendant DOES 6-10 are those persons within the COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT charged with the implementation of the "Board of Rights" ("BOR") procedures, all of whom are sued in both their personal and official capacity. Under the rules and regulations of the RIVERSIDE POLICE and the COUNTY OF RIVERSIDE, DOES 6-10 set the Board of Rights policies and procedures knowing, or willfully ignoring, that this procedure constitutes nothing more than an opportunity for COUNTY OF RIVERSIDE Sheriff

Deputies deemed guilty of misconduct by the department to appeal to a favorable arbitration body that will exonerate them despite overwhelming evidence of guilt. Furthermore, these defendants instituted, or allowed, and continue to allow, to exist, policies and procedures that punished RIVERSIDE Sheriff Deputies for coming forward regarding allegations of corruption while at the same time covering the corruption within the ranks of the RIVERSIDE SHERIFF'S DEPARTMENT by exonerating those officers accused of misconduct no matter the strength of the evidence of their guilt. Through their actions and inactions, these defendants adopted, ratified, and institutionalized patterns and practices of misconduct as those officers coming before them knew that they would be exonerated no matter what their misconduct and the strength of the evidence against them.

12.     PLAINTIFF is ignorant of the true names and capacities of defendants sued herein as DOE defendants 1 through 10, inclusive, and therefore sue these defendants by such fictitious names. PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that PLAINTIFF's injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

13.    At all times relevant herein, SUPERVISORY OFFICER DEFENDANTS were supervisors and/or policy makers for the COUNTY OF RIVERSIDE and the RIVERSIDE SHERIFF, and/or agents with both apparent and actual authority for the COUNTY OF RIVERSIDE. These Defendants instituted, and knowingly and intentionally assured the continued existence of procedures employed by the RIVERSIDE POLICE that served no purpose but to put a seal of approval on acts of misconduct employed by officers within the ranks of the RIVERSIDE SHERIFF'S DEPARTMENT.

## IV.

## FACTS COMMON TO ALL COUNTS/CAUSES OF ACTION

14.    Based on information and belief, Plaintiff alleges that on February 19, 2019, Officer MICHAEL DEAN, DOES 1 through 3 and others, while in the course and scope of their employment, responded to a call for service at 13211 Wild Sage Lane, Moreno Valley CA 92553, which was Plaintiff's home.  Plaintiff, who was under the influence of recreational cannabis and experiencing an episode of perceptual disturbance and psychosis, was in distress.  Plaintiff walked out of her home and walked around her front yard wearing only a bathrobe.  Plaintiff took off the robe while in her front yard and re-entered her home.  A neighbor noticed that Plaintiff appeared in distress and called 911.  Unbeknownst to Plaintiff or the neighbor who called 911, Riverside County Sheriff Deputy MICHAEL DEAN responded to the call

and arrived at Plaintiff's address, described above. Sheriff Deputy MICHAEL DEAN entered Plaintiff's home to find Plaintiff alone, naked, and in a state of confusion and distress.  Sheriff Deputy MICHAEL DEAN told Plaintiff to lay down on the couch and assured Plaintiff that he was there to help her.  Due to the perceptual disturbance and psychosis Plaintiff was experiencing, Plaintiff believed that she was experiencing an alternate reality where DEAN was her uncle, someone she could trust to help her. Sheriff Deputy MICHAEL DEAN then told Plaintiff that in order to help her calm down, Plaintiff needed to masturbate for him while laying down on the couch.  As Plaintiff laid down on the couch, she began to drift in and out of consciousness. Sheriff Deputy MICHAEL DEAN then grabbed an object from the living room and told Plaintiff that she would calm down if she placed the object in her genital opening.  Sheriff Deputy MICHAEL DEAN then proceeded to sexually assault Plaintiff, by groping her vagina, genital area, her breasts, and inserted the object into Plaintiff's vagina, during which Plaintiff lost consciousness. These heinous acts were performed against Plaintiff's will and without her consent while she was in and out of consciousness.  Sheriff Deputy MICHAEL DEAN sexually assaulted Plaintiff with a foreign object and did cause the penetration of Plaintiff's genital opening with the foreign object while she was unconscious.  Sheriff Deputy MICHAEL DEAN pushed the object into Plaintiff multiple times.  Sheriff Deputy DEAN also took pictures of Plaintiff on the couch while being penetrated by the foreign object.  Plaintiff was prevented from resisting due to her distressed condition, unconscious state or

intoxication, and this condition was known, or reasonably should have been known by Sheriff Deputy MICHAEL DEAN at the time of the incident.  Paramedics/EMT were summoned to the home and Plaintiff was transported to Riverside University Health System Medical Center ("RUH").  Plaintiff regained consciousness at RUH while being treated by nursing staff, who she believed to be her mother.  Plaintiff's diagnosis was "Marijuana intoxication, with perceptual disturbance".

15.     After being discharged from RUH, Plaintiff was not provided with an incident report from the Riverside County Sheriff's Department or any other documents indicating who responded and what had occurred at her home. Due to the episode of perceptual disturbance and psychosis that Plaintiff experienced at the time of assault, Plaintiff was unable to explain exactly who entered her home and who sexually assaulted her.

16.     On the day of the incident, Plaintiff NICHOLE O., due to her condition, was unconscious and unaware of what exactly had occurred at her home.  Plaintiff did not know the identity of Sheriff Deputy MICHAEL DEAN nor was Plaintiff aware of the police agency for whom MICHAEL DEAN was employed.  Plaintiff discovered the identity of Sheriff Deputy MICHAEL DEAN on November 16, 2020, when she received a call from an investigator from the County of Riverside Sheriff's Department.  The investigator advised Plaintiff that on February 19, 2019, Riverside County Sheriff Deputy MICHAEL DEAN took photographs of her while she was

unconscious on the couch.  The photographs were discovered on the personal cellphone of Sheriff Deputy MICHAEL DEAN.  Plaintiff learned for the first time on this date, November 16, 2020, that Sheriff Deputy MICHAEL DEAN was the person who sexually assaulted her on February 19, 2019, and that DEAN was a sheriff deputy employed by the County of Riverside.

17.     On April 21, 2021, Sheriff Deputy MICHAEL DEAN was criminally charged by the Riverside County District Attorney's office for the sexual assault of another victim and the sexual assault of Plaintiff. The criminal case is still pending.

18.     The COUNTY OF RIVERSIDE and its employees, including Riverside County Sheriff Deputy MICHAEL DEAN and/or DOE 1 violated Plaintiff, NICHOLE O'S, state and federal civil rights and constitutional rights.

19.     NICHOLE O. is informed and believes and thereon alleges that the COUNTY OF RIVERSIDE and its employees, including DOE 1, in his or her official capacity and Riverside County Sheriff Deputy MICHAEL DEAN either discriminated against NICHOLE O. because of her gender or her ethnicity as a Hispanic woman. The COUNTY OF RIVERSIDE knowingly and deliberately fostered, maintained, and condoned a policy, practice and custom or otherwise acted in a manner that was deliberately indifferent to the lives and liberty of persons such as NICHOLE O. and that such policy, practice, custom and/or actions were a direct and legal cause of her injuries. The policy, practice, custom, and actions included, without limitation,

knowingly and deliberately failing to properly train, discipline and supervise employees regarding officers who have been reported to have sexually assaulted other women.  At the time of the sexual assault inflicted on NICHOLE O. by Riverside County Sheriff Deputy MICHAEL DEAN, the COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT had in place, and had ratified, policies, procedures, customs, and practices which permitted and encouraged their Sheriff Deputies to unjustifiably, unreasonably, and in violation of the Fourth and Fourteenth Amendments, use violence, force, and intimidation against females being detained or questioned by officers and not responding to the complaints of women, and particularly Hispanic women.  Said policies, procedures, customs, and practices also called for the COUNTY OF RIVERSIDE not to discipline, prosecute or in any way take corrective or responsive action to known incidents and/or complaints of sexual assault by said officers or the related claims and lawsuits resulting from such acts.

20.	Said policies, procedures, customs and practices called for the refusal of the COUNTY OF RIVERSIDE to investigate or document complaints of previous incidents of sexual assault and violence and, instead, officially claim that such incidents were justified and proper or completely deny their occurrence.

21.	The COUNTY OF RIVERSIDE's policies, procedures, customs and practices of inaction and cover-up encouraged officers of RIVERSIDE SHERIFF'S DEPARTMENT, including Riverside County Sheriff Deputy MICHAEL DEAN, to

believe that such sexual assaults were permissible, in particular against individuals of minority groups.

22.     The COUNTY OF RIVERSIDE, and its employees, including RIVERSIDE County sheriff deputy MICHAEL DEAN, and DOES 1 through 3 violated the Plaintiff's civil rights and constitutional rights including unlawful search and seizure.

23.     The COUNTY OF RIVERSIDE, and its employees knowingly and deliberately fostered, maintained and condoned a policy, practice and custom or otherwise acted in a manner that was deliberately indifferent to the lives and liberty of persons such as NICHOLE O. and that such policy, practice, custom and/or actions were a direct and legal cause of her injuries. The policy, practice, custom, and actions included, without limitation, knowingly and deliberately failing to properly train, discipline and supervise employees regarding both the use of force, including deadly force, and the proper procedures to be followed in detaining individuals.

24.     At the time of the sexual assault and violence inflicted on NICHOLE O. the RIVERSIDE COUNTY SHERIFF's DEPARTMENT, DOES 1 through 10 had in place, and had ratified, policies, procedures, customs and practices which permitted and encouraged their Sheriff Deputies to unjustifiably, unreasonably and in violation of the Fourth and Fourteenth Amendments, use violence against individuals being detained. Said policies, procedures, customs and practices also called for the

COUNTY OF RIVERSIDE not to discipline, prosecute or in any way take corrective or responsive action to known incidents and/or complaints of sexual assault and violent acts by said officers or the related claims and lawsuits resulting from such violence.

25.     Said policies, procedures, customs and practices called for the refusal of the COUNTY OF RIVERSIDE to investigate or document complaints of previous incidents of violence and, instead, officially claim that such incidents were justified and proper, or completely deny their occurrence.

26.     PLAINTIFF continues to suffer from the injuries proximately caused by defendants' wrongful, false, and malicious arrest, detention, intimidation and sexual assault of Plaintiff.

**V.**

**FIRST COUNT/CAUSE OF ACTION**

**VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE FROM**

**(42 U.S.C. § 1983 4th Amendment)**

**UNREASONABLE SEARCHES AND SEIZURES**

**[As to MICHAEL DEAN and SHERIFF DEPUTY DEFENDANTS**

**DOES 1 through 3]**

27.     PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

28.     This action is brought pursuant to 42 U.S.C. §1983, and the Fourth Amendment of the United States Constitution.

29.     At all times relevant hereto, PLAINTIFF possessed the right, guaranteed by the Fourth Amendment of the United States Constitution, to be free from unreasonable searches, seizures, and uses of force by Sheriff Deputies acting under the color of law.

30.     As described above, MICHAEL DEAN and SHERIFF DEPUTY DEFENDANTS violated PLAINTIFF'S Fourth Amendment rights by unlawfully and unreasonably detaining, intimidating, and touching PLAINTIFF, including the sexual assault, without reasonable suspicion or probable cause that any crime had occurred.

31.     In doing these things, said defendants acted specifically with the intent to deprive PLAINTIFF of her constitutional rights under the Fourth Amendment to be free from unreasonable seizures.

32.     Said defendants subjected PLAINTIFF to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard of her rights under the U.S. Constitution.

33.     Said defendants acted at all times herein knowing full well that the established practices, customs, procedures and policies of the COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT would allow a cover-up and allow the continued violation of the Fourth Amendment of the Constitution of the United States.

34.     As a direct and proximate result of the aforementioned acts of said defendants, PLAINTIFF suffered the violation of her constitutional rights as described above. As the further actual and proximate result of the acts and omissions of said defendants, as described herein, PLAINTIFF was made to lose her freedom and liberty for the period of time indicated above, this in violation of the Fourteenth Amendment's due process guarantees. During the above referenced assault in her home, PLAINTIFF suffered personal and bodily injuries, and during said time she suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear.

35.     The aforementioned acts of said defendants were willful, wanton, malicious and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said defendants.

## VI.

## SECOND COUNT/CAUSE OF ACTION

## FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATIONS

**(42 U.S.C. § 1983)**
**[As to COUNTY OF RIVERSIDE; DOES 1 THROUGH 5]**

36.     PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

37.     This action is brought pursuant to 42 U.S.C. §1983, and the Fourteenth Amendment of the United States Constitution, for violation of PLAINTIFF'S procedural and substantive due process rights.

38.     At the time and place alleged herein, MICHAEL DEAN and SHERIFF DEPUTY DEFENDANTS Does 1-3 were present at the immediate scene of the assault on PLAINTIFF.

39.     At said date and location, said defendants DOES 1 through 5 were in the position and authority to lawfully intervene in and prevent the unjustified, seizure and unwarranted sexual assault of PLAINTIFF.

40.     At said date and location, said defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the unlawful sexual assault, intimidation, detention, and search of PLAINTIFF, and were compelled to do so as peace officers and supervisors under the laws of the State of California and under the Constitution of the United States of America.

41.     At said date and location, in deliberate indifference to PLAINTIFF'S life, health and Constitutional rights, said defendants intentionally and with deliberate indifference to the civil rights of PLAINTIFF, refrained from intervening in said sexual assault, intimidation and detention.

42.     As a result thereof, said defendants unlawfully seized, sexually assaulted, detained, and searched PLAINTIFF in violation of her rights under the Fourth and Fourteenth Amendments of the Constitution of the United States of America.

43.     The aforementioned acts of MICHAEL DEAN and SHERIFF DEPUTY DEFENDANTS DOES 3 through 5 were willful, wanton, malicious, oppressive and shocking to the conscience thereby justifying the awarding of exemplary and punitive damages as to said defendants.

### VII.

### THIRD COUNT/CAUSE OF ACTION

### SUPERVISORIAL RESPONSIBILITY FOR VIOLATIONS OF PLAINTIFF'S

### CIVIL RIGHTS

### (42 U.S.C. § 1983 4th & 14th Amendment)

### [COUNTY OF RIVERSIDE,  DOES 4 through 10, Inclusive]

44.     PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein. This action is

brought pursuant to 42 U.S.C. §1983, for violation of PLAINTIFF'S rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.

45.    On the date of PLAINTIFF'S sexual assault, defendants County of Riverside, DOES 4 through 10, inclusive, learned and became aware of the wrongful and willful attack on PLAINTIFF AND SIMILAR VICTIMS by MICHAEL DEAN and SHERIFF DEPUTY DEFENDANTS, DOES 1 through 3.

46.    Thereafter, defendants County of Riverside, DOES 4 through 10, inclusive, conducted an investigation of the assault by personally evaluating the evidence of the incident, by taking statements from the individuals involved.

47.    Said defendants were aware of the customs, practices, and propensities of their subordinates - MICHAEL DEAN and SHERIFF DEPUTY DEFENDANTS - to conduct illegal and wrongful searches, to make false arrests, to employ excessive and unnecessary force, to file false police reports in violation of P.C. §118.1, to falsify evidence and to commit perjury to conceal this misconduct, and to unlawfully and without probable cause or suspicion detain, arrest and imprison persons; including the misconduct alleged in the present complaint. Said defendants tolerated, encouraged and expressly and impliedly condoned this misconduct by consciously ignoring, turning a blind eye to and overlooking and ratifying such misconduct.

48.     Notwithstanding this knowledge, said defendants encouraged and facilitated such conduct and deliberately and leniently overlooked and ratified the misconduct of MICHAEL DEAN and SHERIFF DEPUTY DEFENDANTS by failing to discipline said officers, approving false and misleading police reports authored by said officers, and failing to recommend the investigation and criminal prosecution of said officers for their misconduct, and in the present instance failing to supervise and control MICHAEL DEAN and SHERIFF DEPUTY DEFENDANTS so as to prevent the misconduct alleged herein and by failing to train said subordinate officers in the procedures, laws and practices that would eliminate the risk of the constitutional violations alleged herein.

49.     By consciously and deliberately overlooking the repeated acts of misconduct and criminal acts by their subordinate officers, including their subordinates MICHAEL DEAN and SHERIFF DEPUTY DEFENDANTS said defendants established a custom and practice of condoning and ratifying such misconduct and criminal activity, and established a tolerated pattern of constitutional violations amongst their subordinate officers. The condoning of misconduct by said defendants was so comprehensive and well-known that their subordinate officers were emboldened to blatantly violate the constitutional rights of any persons the subordinate officers came into contact with while on duty and while off duty to commit crimes such as false arrests, perjury, assaults and batteries with impunity.

50.     Through their conscious disregard for the rights of the persons their subordinates would come in contact with persons, and through their custom and practice of encouraging, condoning, tolerating and ratifying constitutional violations and criminal activity by their subordinates, said defendants were deliberately indifferent to the constitutional violations being committed by their subordinates, including MICHAEL DEAN and SHERIFF DEPUTY DEFENDANTS.  Because of their failure to act to prevent the continuing constitutional violations by their subordinates, and because of the establishment of the policies and practices described above, as well as their failure to adequately train their subordinates, said defendants are liable for the constitutional violations committed by MICHAEL DEAN and SHERIFF DEPUTY DEFENDANTS and for the damages suffered by PLAINTIFF as described herein.

## VIII.

### FOURTH COUNT/CAUSE OF ACTION

### MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONAL RIGHTS

### [As to COUNTY OF RIVERSIDE, SUPERVISING OFFICER DEFENDANTS DOES 1- 5 and DOE DEFENDANTS 6 THROUGH 10]

52.     PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

53.     This action is brought pursuant to 42 U.S.C. §1983 for violation of

PLAINTIFF'S rights under the Fourth and Fourteenth Amendments.

54.     On the date of PLAINTIFF'S sexual assault and unlawful detention indicated

above, MICHAEL DEAN and SHERIFF DEPUTY DEFENDANTS DOE 1 through

3, acting within the course and scope of their duties as peace officers of the

RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, and COUNTY OF

RIVERSIDE, deprived PLAINTIFF to be free from unreasonable seizures and

unlawful arrests as delineated herein above, and thereafter in violation of

PLAINTIFF'S due process rights proceeded to falsify evidence, submit false police

reports and offer perjurious testimony so as to ensure that PLAINTIFF'S claims

would not be disclosed.

55.     At the time of these constitutional violations by Defendants, COUNTY OF

RIVERSIDE, SUPERVISING OFFICER DEFENDANTS and DOE DEFENDANTS

3-10 had in place, and had ratified, policies, procedures, customs and practices which

permitted and encouraged their Sheriff Deputies to unjustifiably, unreasonably and in

violation of the Fourth and Fourteenth Amendments, to unlawfully arrest persons

without probable cause.

56.     Said policies, procedures, customs and practices also called for the COUNTY

OF RIVERSIDE and its SHERIFF'S DEPARTMENT not to discipline, prosecute, or

objectively and/or independently investigate or in any way deal with or respond to known incidents and complaints of falsification of evidence, the preparation of false police reports to justify such wrongful conduct, and wrongful conduct by officers of the RIVERSIDE SHERIFF'S DEPARTMENT, and for the and COUNTY OF RIVERSIDE to fail to objectively and/or independently investigate or in any way deal with or respond to or the related claims and lawsuits made as a result of such attack on Plaintiff and other victims.

57.     Defendants COUNTY OF RIVERSIDE, SUPERVISING OFFICER DEFENDANTS and DOE DEFENDANTS 6 THROUGH 10 were aware of and were deliberately indifferent to a pervasive and widespread pattern and practice with the RIVERSIDE COUNTY SHERIFF'S OFFICE of concealing known instances of evidence planting, evidence tampering, perjury, falsified police reports, witness coercion, excessive force, on-duty criminal acts and on-duty acts of moral turpitude.

58.     Said policies, procedures, customs and practices called for and led to the refusal of said Defendants to investigate complaints of previous incidents of sexual assault, false and unlawful arrests, the filing of false police reports to conceal such misconduct, the falsification evidence and perjury and, instead, officially claim that such incidents were justified and proper, or completely deny said incidents' occurrence.

59.     Said policies, procedures, customs and practices called for said Defendants, by means of inaction and cover-up, to encourage an atmosphere of lawlessness within the SHERIFF'S DEPARTMENT and to encourage their Sheriff Deputies to believe that improper attacks on residents of the COUNTY OF RIVERSIDE or persons present therein, including members of minority groups, the submission of false police reports, and the commission of perjury was permissible and to believe that unlawful acts of falsification of evidence and perjury would be overlooked without discipline or other official ramifications.

60.     Said policies, procedures, customs and practices of said Defendants and each of them evidenced a deliberate indifference to the violations of the constitutional rights of PLAINTIFF. This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs, and practices in light of prior knowledge by said Defendants and their subordinate policymakers of indistinguishably similar incidents of unjustified and unreasonable and unlawful arrests, falsification of evidence, evidence tampering, submission of false police reports and perjury.

61.     Deliberate indifference to the civil rights of victims, including Plaintiff, by the RIVERSIDE SHERIFF'S DEPARTMENT through sexual assaults, unlawful arrests, falsified evidence, false and misleading police reports and false and perjurious testimony was also evidenced by said Defendants by their ignoring of the history and

pattern of prior civil lawsuits alleging civil rights violations, similar to those alleged

herein, arising from such misconduct and the related payment of judgments to such

individuals.

62.     Deliberate indifference is also evidenced by an absence of or by maintenance

of an inadequate system of tort claims tracking, sexual assault tracking, and by

maintaining an inadequate system of officer discipline and independent and objective

investigation by the COUNTY OF RIVERSIDE and its SHERIFF'S

DEPARTMENT, which failed to identify and investigate instances of false arrests,

and detentions for sexual assault, falsification of evidence, submission of false police

reports and perjury.

63.     Deliberate indifference to the civil rights of victims of the RIVERSIDE

POLICE's unlawful arrests and falsified evidence was also evidenced by the failure of

by said Defendants to adequately train and more closely supervise or retrain officers

and/or discipline or recommend prosecution of those officers who in fact improperly

used such intimidation and unlawful force to perform sexual assaults and falsify

evidence, submit false and misleading police reports, and/or commit perjury.

64.     Other systemic deficiencies of said Defendants which indicated, and continue

to indicate, a deliberate indifference to the violations of the civil rights by the officers

of the RIVERSIDE SHERIFF'S DEPARTMENT include:

a. preparation of investigative reports designed to vindicate and/or justify false and unlawful arrests;

b. preparation of investigative reports which uncritically rely solely on the word of RIVERSIDE Sheriff Deputies involved in unlawful arrests and which systematically fail to credit testimony by non-officer witnesses;

c. preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved;

d. issuance of public statements exonerating officers involved in such incidents prior to the completion of investigations of wrongful arrests;

65.    The foregoing acts, omissions, and systemic deficiencies are policies and customs of said Defendants and such caused, permitted and/or allowed under official sanction MICHAEL DEAN and SHERIFF DEPUTY DEFENDANTS to be unaware of, or intentionally overlook and ignore, the rules and laws governing the probable cause requirements for arrests, the falsification of evidence or the tampering with evidence, the submission of false police reports and the commission of perjury in criminal trials. The foregoing acts, omissions, and systemic deficiencies are policies and customs of said Defendants and such caused, permitted and/or allowed under official sanction said Sheriff Deputy Defendants to believe that arrests are entirely within the discretion of the officer and that improper and unlawful arrests, evidence

falsification, filing of false and misleading police reports, and the commission of perjury would not be objectively, thoroughly and/or properly investigated, all with the foreseeable result that Defendants' officers would make false and unlawful arrests, and falsify evidence, submit false and misleading police reports, and commit perjury, and thereby violate the civil rights of the citizens of this state with whom said officers would come into contact with.

66.     As the actual and proximate result of the acts and omissions of said Defendants as described wherein, PLAINTIFF and other victims lost their freedom and liberty for the period stated above in violation of the Fourteenth Amendment's procedural and substantive due process guarantees. During said sexual assault, PLAINTIFF suffered personal and bodily injuries, and during said time she suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear. Further, PLAINTIFF has been made to hire lawyers to defend her and medical specialists for treatment and therapy for her injuries.

67.     The aforementioned acts of MICHAEL DEAN and SUPERVISING OFFICER DEFENDANTS and DOE DEFENDANTS 1 THROUGH 10 were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to these Defendants.

//

# IX.

## FIFTH COUNT/CAUSE OF ACTION

## SEXUAL ASSAULT

## [As to MICHAEL DEAN]

68.    PLAINTIFF re-alleges each and every paragraph in this complaint as if fully set forth here.

69.    The actions and omissions of MICHAEL DEAN directed at PLAINTIFF, as set forth above, constitute sexual assault.

70.    As a direct and proximate result of Defendant's sexual assault of PLAINTIFF, PLAINTIFF sustained injuries and damages, and is entitled to relief as set forth below and punitive damages against Defendant in his individual capacity.

71.    As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, PLAINTIFF sustained the following injuries and damages, past and future, among others:

        a.    Hospital and medical expenses;

        b.    Violation of constitutional rights;

        c.    All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law;

        d.    PLAINTIFF'S conscious pain and suffering, pursuant to federal civil rights law;

//

*PRAYER*

WHEREFORE, PLAINTIFF NICHOLE O. demands the following relief,

jointly and severally, against the defendants named in each cause of action as follows:

a) Compensatory general and special damages in an amount in accordance with proof;

b) Exemplary damages, against each of the Sheriff Deputies, supervisory and policy maker defendants - as spelled out in each cause of action, in an amount sufficient to deter and to make an example of those defendants,

c) Reasonable attorneys' fees and expenses of litigation as provided for in 42 U.S.C. §1988;

d) Costs of suit necessarily incurred herein;

e) Prejudgment interest, and

f) Such further relief as the Court deems just or proper.


DATED: 1/3/2022                **CURD, GALINDO & SMITH, LLP**

                                /s/ *Alexis Galindo*
                                Alexis Galindo
                                Attorneys for Plaintiff


**JURY DEMAND**
Plaintiff hereby requests a trial by jury.


DATED:     1/3/2022            **CURD, GALINDO & SMITH, LLP**

                                /s/ *Alexis Galindo*
                                Alexis Galindo
                                Attorneys for Plaintiff